## SHAFER v CLYMER

Ohio Appeals, 2nd Dist, Franklin Co

No 2889. Decided February 27, 1939

Clyde C. Beery, Columbus, for plaintiff-appellee.

Joseph F. Hogan, Columbus, for defendant appellant.

## OPINION

By GEIGER, J.

This case is before this Court on an appeal from an order of ⌐he Court below wherein the plaintiff-appellee was awarded a judgment for $2500.00 for personal injuries alleged to have been suffered through the negligence of the defendant.

The amended petition alleges that for several weeks prior to July 4, 1936, the defendant as a highway contractor had been engaged in excavating and hauling dirt from a field located .along the west side of State Highway 127, a part of U. S. 30, South, in Marion Township, Allen County. The hauling was by motor trucks and it is alleged that while in the process of excavating and hauling, dirt fell and dropped off the trucks when they were in motion, and that when they came out of the field where they were loaded, they dropped dirt upon the highway northwardly for several hundred feet from the exit from the field, and that the dirt dropping upon the highway formed a thin film of dirt or dust upon a curve in the road, which when wet became slippery and created a hazardous condition for .motorists; that the defendant knew of the condition and failed to remove the film or dirt or dust so as to prevent the slippery and hazardous condition...and failed to post warning signs.

"That a short time prior to 2:00 A. M. on July 4th, a rain fell and changed the film of dirt or dust on the curve into a film of slippery slime and caused the highway to become dangerous; that at that hour the plaintiff was riding as a guest in an automobile being operated in a northwesterly direction on State Highway 127; that when the car reached the curve where the dirt and dust had dripped off the defendant's trucks and had formed a film of dust or dirt which was changed into a film of slime by the rain, said automobile began to swerve and skid due to the condition of the highway and slid off the highway and came to rest on the right side thereof. Plaintiff claims damages for injury thereby resulting.

A general denial was filed. The trial proceeded and at the end of the plaintiff's testimony and at the end of all the testimony a motion was made for a directed verdict which being overruled, the jury returned a verdict in favor of the plaintiff in the sum of $2500.00.

The defendant assigns errors to the effect that the Court erred in overruling his motions for a directed verdict; that the verdict and judgment are against the weight of the evidence and excessive.

It is not often that we have a case in which so few legal problems are presented. The record sustains the allegation of the plaintiff as to the hauling by the defendant and as to the falling from his trucks of sandy clay which formed a light deposit of dust upon the highway, upon the curve where the accident occurred. The evidence also sustains the allegation that due to the fall of a light rain when the plaintiff was being driven over the highway that the dust became slippery and caused a condition on account of which the car in which the plaintiff was riding was thrown into a skid and ultimately overturned, on account of which plaintiff received injuries. The defendant in his brief asserts that there is no evidence that an act of commission or omission of the defendant was the proximate cause of the accident, and urges that the accident would have occurred had the defendant never hauled dirt over the road; that the surface of the road was of tarvia construction, smooth and worn, and so slippery that an accident similar to that suffered by the plaintiff's car could have occurred even though there had been no dust upon the highway as the result of the defendant's operation. The defendant admits that there were drippings from his trucks, but it is urged that the resulting"

"condition of the highway was not the proximate cause of the plaintiff's injury.

This matter was preeminently a question for the determination of the jury. We have examined the charge of the court and find it fair and accurate in every respect and we can detect no error of the court that would justify a reversal, and we can not find that the verdict was manifestly against the weight of the evidence. The defendant also claims that the verdict was excessive. We have examined the testimony in reference to the injury suffered by the plaintiff and are of the opinion that the verdict was not execessive.

It is highly important that the highways of the state be kept in safe condition for travel, and if contractors are obliged to haul dirt over the highway they should exercise care and see that such does not render driving dangerous. This may require them to be more careful in the loading of the trucks or more cautious in removing the drippings that may result in a slippery condition after a rain. Those so using the highway should give sufficient warning to drivers of cars of a possibly unsafe condition.

Judgment affirmed. Cause remanded for further proceeding.

HORNBECK, PJ, & BARNES, J., concur."

That a short time prior to 2:00 A. M. on July 4th, a rain fell and changed the film of dirt or dust on the curve into a film of slippery slime and caused the highway to become dangerous; that at that hour the plaintiff was riding as a guest in an automobile being operated in a northwesterly direction on State Highway 127; that when the car reached the curve where the dirt and dust had dripped off the defendant's trucks and had formed a film of dust or dirt which was changed into a film of slime by the rain, said automobile began to swerve and skid due to the condition of the highway and slid off the highway and came to rest on the right side thereof. Plaintiff claims damages for injury thereby resulting.

A general denial was filed. The trial proceeded and at the end of the plaintiff's testimony and at the end of all the testimony a motion was made for a directed verdict which being overruled, the jury returned a verdict in favor of the plaintiff in the sum of $2500.00.

The defendant assigns errors to the effect that the Court erred in overruling his motions for a directed verdict; that the verdict and judgment are against the weight of the evidence and excessive.

It is not often that we have a case in which so few legal problems are presented. The record sustains the allegation of the plaintiff as to the hauling by the defendant and as to the falling from his trucks of sandy clay which formed a light deposit of dust upon the highway, upon the curve where the accident occurred. The evidence also sustains the allegation that due to the fall of a light rain when the plaintiff was being driven over the highway that the dust became slippery and caused a condition on account of which the car in which the plaintiff was riding was thrown into a skid and ultimately overturned, on account of which plaintiff received injuries. The defendant in his brief asserts that there is no evidence that an act of commission or omission of the defendant was the proximate cause of the accident, and urges that the accident would have occurred had the defendant never hauled dirt over the road; that the surface of the road was of tarvia construction, smooth and worn, and so slippery that an accident similar to that suffered by the plaintiff's car could have occurred even though there had been no dust upon the highway as the result of the defendant's operation. The defendant admits that there were drippings from his trucks, but it is urged that the resulting condition of the highway was not the proximate cause of the plaintiff's injury.

This matter was preeminently a question for the determination of the jury. We have examined the charge of the court and find it fair and accurate in every respect and we can detect no error of the court that would justify a reversal, and we can not find that the verdict was manifestly against the weight of the evidence. The defendant also claims that the verdict was excessive. We have examined the testimony in reference to the injury suffered by the plaintiff and are of the opinion that the verdict was not execessive.

It is highly important that the highways of the state be kept in safe condition for travel, and if contractors are obliged to haul dirt over the highway they should exercise care and see that such does not render driving dangerous. This may require them to be more careful in the loading of the trucks or more cautious in removing the drippings that may result in a slippery condition after a rain. Those so using the highway should give sufficient warning to drivers of cars of a possibly unsafe condition.

Judgment affirmed. Cause remanded for further proceeding.

HORNBECK, PJ, & BARNES, J., concur.